Benjamin J. Mann, Bar Number 12588
Spencer Macdonald, Bar Number 10243
**HALLIDAY, WATKINS & MANN, P.C.**
Attorneys for Plaintiff
376 East 400 South, Suite 300
Salt Lake City, UT 84111
Telephone:   801-355-2886
Fax: 801-328-9714
File Number: **53340**

## IN THE UNITED STATES DISTRICT COURT
## DISTRICTION OF UTAH

| | |
|---|---|
| DOUGLAS A. LARSON, <br><br> Plaintiff, <br><br> v. <br><br> NICK WATSON, "JANE DOE" WATSON, and JOHN DOES 2-10, <br><br> Defendants. | **EX PARTE AND EXPEDITED MOTION TO REMAND TO STATE COURT** <br><br><br> Civil Number: 2:18-CV-00657 <br><br> Judge: WARNER |

Plaintiff, by and through counsel, submits the following EX PARTE AND EXPEDITED MOTION TO REMAND TO STATE COURT.

### I.  INTRODUCTION

The facts of this case are straightforward, Defendants have engaged, and continue to engage, in a scheme to delay, hinder and defraud their creditors and the Plaintiff in order to maintain possession of real property for almost a decade, all while not making any payments in relation thereto.  Defendants have been able to accomplish this by abusing the court system,

1

specifically the bankruptcy court. After being unsuccessful in bankruptcy court and on the verge of losing a state eviction action, the Defendants have now wrongfully removed the eviction action to this Court. No federal question or diversity of citizenship exists, such that this Court lacks jurisdiction in the removed matter. Moreover, Plaintiff has a hearing which has been scheduled in the state court action on Tuesday, August 28, 2018 at 8:30 a.m. Plaintiff requests that this Court immediately remand this action back to the state court so as to allow the foregoing hearing to proceed.

## II. STATEMENT OF FACTS

Plaintiff's Motion is based on the following facts:

1. Defendants are residents of Salt Lake County, State of Utah. See Defendant's Notice of Removal (giving an address in Utah).

2. Plaintiff is also a resident of the State of Utah.

3. All un-named defendants are persons unknown to Plaintiff who may be residing at or in possession of the real property described hereafter.

4. Plaintiff is the owner of real property located in Salt Lake County, State of Utah, commonly known as 14497 South Gray Fox Drive, Bluffdale, UT 84065 ("Subject Property"), and is more particularly described as follows:

> LOT 16, SPRING VIEW FARMS, PHASE 1A, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE OFFICE OF THE SALT LAKE COUNTY RECORDER.
>
> Parcel No. 33-11-181-005

5. Plaintiff obtained title to the Property via a Trustee's Deed recorded on July 11, 2018 as Entry No. 12808432. See Trustee's Deed, Entry No. 12808432, attached hereto as **Exhibit A**.

6. Defendant(s) is/are in possession of the Property without permission and without any rental agreement.

7. On July 12, 2018, a Notice to Quit or Notice to Vacate was served on Defendant(s) pursuant to Utah Code Ann. § 78B-6-805. See Notice to Quit and Affidavit of Service, attached hereto as **Exhibit B**.

8. Defendant has failed to vacate the Property as required by state statute, Utah Code Ann. § 78B-6-802.5. See Defendant's Notice of Removal (showing the Subject Property as Defendant's address).

9. On July 20, 2018, Plaintiff commenced an eviction action in the Third Judicial District in Salt Lake County, Case No. 180403486. See Court Docket, Case No. 180403486, attached hereto as **Exhibit C**.

10. The sole cause of action in Plaintiff's Complaint is for "unlawful detainer" pursuant to state law, Utah Code Ann. § 78B-6-801 et seq. See Amended Complaint in Case No. 180403486, attached hereto as **Exhibit D**.

11. On August 6, 2018, Plaintiff filed a "Motion for Alternative Service" that outlined Plaintiff's efforts to affect service on Defendants, and on Defendants' apparent evasion of service. See Motion for Alternative Service, attached hereto as **Exhibit E**.

12. The state court thereafter authorized service of process through posting and mailing. See **Exhibit C**.

13. On August 14, 2018, a purported "John Doe" Defendant, Christopher Whitham, filed in the state court action an Answer to Plaintiff's Amended Complaint. See Whitham Answer, attached hereto as **Exhibit F**.

14. Mr. Whitham contemporaneously filed in the state court action a "Notice of Bankruptcy" filing. See Whitham Notice of Bankruptcy Filing, attached hereto as **Exhibit G**.

15. Plaintiff researched the matter and located a prior bankruptcy action filed by Mr. Whitham, which action included a motion for relief from the automatic stay filed in the bankruptcy court. Plaintiff submitted this motion, and the bankruptcy court resulting therefrom, to the state court as exhibits to a "Motion for Immediate Occupancy" filed in state court on August 20, 2018. See Plaintiff's Motion for Immediate Occupancy, attached hereto as **Exhibit H**.

16. The above-referenced motion for relief was filed by the secured party in the foreclosure that preceded the sale of the property to Plaintiff, and pertained to the same real property which is at issue in Plaintiff's state court eviction action. Id.

17. The above-referenced motion for relief itemizes *ten separate* bankruptcy petitions filed by Mr. Whitham and a cadre of associates from 2009 through 2018. Mr. Whitham's "Notice of Bankruptcy Filing" pertained to an *eleventh* bankruptcy petition. Id. See also **Exhibit G**.

18. On May 10, 2018, the bankruptcy court entered an *in rem* order pertaining to the Subject Property, which included the following specific provisions:

> Bank of New York Mellon, or its successors and assigns, may record a copy of this Order against the Property in the Office of the Salt Lake County Recorder. Such Order and relief from the automatic stay shall be binding against the Property for a period of two years from the date of entry of this Order in any other bankruptcy case filed purporting to affect the Property; and

> It is further ORDERED that Bank of New York Mellon, and its successors and assigns, are permitted to proceed, pursuant to applicable non-bankruptcy law, to exercise all of their legal remedies and rights, including any right of assessment of reasonable fees and costs as provided by contract or statue, against the Property. This Order shall be binding and effective despite any conversion of this bankruptcy to a case under any other Chapter of Title 11 of the United States Code.

See Order Granting Motion Of The Bank Of New York Mellon Fka The Bank Of New York, As Trustee For The Certificateholders Of The CWABS, Inc., Asset-backed Certificates, Series 2006-13 For In Rem Relief From The Automatic Stay (Doc. 31), attached hereto as **Exhibit H**.

19. The foregoing Order was recorded in the Salt Lake County Recorder's Office on May 10, 2018.

20. On August 20, 2018, the state court scheduled an "immediate occupancy" hearing for Tuesday, August 28, 2018 at 8:30 a.m.   See **Exhibit C**.

21. The "immediate occupancy" hearing, when convened, will determine the right of possession of the Subject Property.   See Utah Code Ann. § 78B-6-810(2)(b).

22. On August 22, 2018, Defendant Nic[k] Watson removed the above-referenced state court eviction action to federal court.   See Docket, passim.

23. Nowhere in any of Defendant's filed documents is there any indication as to the legal basis of removal, either "federal question" or "diversity" jurisdiction. Id.

### III. ARGUMENT

Defendant's Petition for Removal is both procedurally and jurisdictionally deficient and should therefore be denied.

**1. Defendant's Petition for Removal is Procedurally Deficient.**

A case may be remanded for any defect in the removal procedure.[1] The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction.[2] To remove a case based on diversity of citizenship, Defendant's removal must state the citizenship of all parties to the state action.[3] In the Present case, Defendant has not demonstrated that there is a diversity of citizenship. All parties are residents of Utah. Defendant has not demonstrated any federal question jurisdiction in the Complaint. An eviction action is based solely on state law. Defendant has simply alleged a federal law but does not make any claim how the federal law is tied to Plaintiff's complaint. Therefore, as a failure to allege the diversity of the parties and to allege a federal cause of action contained in Plaintiff's complaint, Defendants' Removal is procedurally deficient and should be immediately remanded.

**2. Removal is Jurisdictionally Deficient.**

"Removal is appropriate only when a complaint filed in state court properly could have

---

[1] See 28 U.S.C. § 1446 (c) (1996).
[2] See Riggs v. Plaid Pantries, Inc., 233 F.Supp.2d 1260, 1264 (D.Or., 2001).

been filed in federal court."[4]  Typically, this means that a "federal question must appear in the complaint well pleaded."[5]  The only claim in Plaintiff's state complaint is a state eviction cause of action.

In this case, the notice of removal is facially improper because this Court does not have original jurisdiction over an eviction action.  There are no claims that arise under federal question, and, the Defendant has failed to state how the state eviction claim arises under federal law.  A civil action brought in state court may only be removed to federal court if the action is one that could have been brought originally in federal court.[6]  Because the "grounds for removal must inhere in the plaintiff's claim," a defense or counterclaim cannot provide the basis for removal.[7]  It may be the case that Defendant has defenses or counterclaims to the eviction action, based on federal law.  However, these may not be used to obtain federal jurisdiction.  Defendant has not provided any factual or legal basis for his removal of this state court eviction action to federal court, such that the removal is improper on its face.

### 3. **Defendants' Removal of this Action is Purely Dilatory and Vexatious.**

In addition to the foregoing, remand is further justified to the extent that Defendants' conduct in this matter has been flagrantly dilatory and vexatious.  As set forth in the Statement of Facts, supra, Defendants have filed multiple bankruptcy petitions which were timed to frustrate and delay the foreclosure process, and Defendants have also evaded service, filed yet

---

[3] See Johnson v. Nutrex, 429 F.Supp.2d 723 (D.Md., 2006), passim.
[4] Marcus v. AT&T Corp., 938 F. Supp. 1158, 1165 (S.D.N.Y. 1996).
[5] Barnhart-Graham Auto, Inc. v. Green Mt. Bank, 786 F.Supp. 394, 396 (D. Vt. 1992).
[6] See 28 U.S.C. § 1441 (a)

*another* bankruptcy petition, and have now removed this action to federal court. The egregiousness of this conduct is exacerbated by the fact that Defendants' vexatious legal maneuver are causing substantial and ongoing financial injury to Plaintiffs, who are private parties who have purchased the Subject Property but are being denied their legal right to gain possession of it.

## IV. CONCLUSION

To properly remove a case to federal court, Defendant's Notice of Removal must set forth a short and plain statement detailing why removal is appropriate. This Court may only accept jurisdiction if there is diversity of citizenship or if Plaintiff's claim arises under federal question. Defendant's removal is both procedurally and jurisdictionally deficient and the case should be immediately remanded back to the State Court on an ex parte basis. Plaintiff requests that this Court enter an order to that effect. Plaintiff further requests that the order prohibit any Defendants in the state court action from removing this action again without first obtaining leave of this court, and that any unauthorized removal be deemed a nullity at law.

**Date: 08-22-2018**   **Halliday, Watkins & Mann, P.C.**

**/s/ Spencer Macdonald**
**SPENCER MACDONALD**
**Attorney for Plaintiff**

---

[7] Id. (citing Ballard's Serv. Center, Inc. v. Transue, 865 F.2d 447 (1st Cir. 1989)) (other citations omitted)