IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DOUGLAS LARSON,<br><br>Plaintiff,<br><br>vs.<br><br>NICK WATSON, "JANE DOE" WATSON, and JOHN DOES 2-10,<br><br>Defendants. | ORDER<br>AND<br>MEMORANDUM DECISION<br><br>Case No. 2:18-CV-657-TC |

On August 22, 2018, pro se Defendant Nick Watson removed the underlying case from state court. (See Notice of Removal, ECF No. 1.) Plaintiff Douglas Larson has filed an emergency[1] *ex parte* motion to remand the case to state court because Mr. Watson has not established a basis for subject matter jurisdiction in this federal court. (See Ex Parte & Expedited Mot. to Remand to State Court, ECF No. 3.)

On July 20, 2018, Plaintiff filed his "Eviction Complaint" against Defendant in the Third Judicial District Court for the State of Utah. (Eviction Compl., Ex. 2 to Notice of Removal, ECF No. 1-2.) The complaint is based solely on Utah law. But Defendant alleges that his defense

---

[1] Before Defendant removed the case, the state court scheduled a hearing to be held next Tuesday, August 28, 2018, at 8:30 a.m. This is, at least in part, the reason for Plaintiff's request to expedite remand.

1

under the federal statute "Protecting Tenants at Foreclosure Act of 2009" creates original federal jurisdiction.[2]  (Notice of Removal at 2.)

Although the court could allow Mr. Watson to respond to the motion to remand, doing so in this case would be futile.  As explained below, the court does not have subject matter jurisdiction, and jurisdiction is an issue the court may address *sua sponte*.  See, e.g., Citizens Concerned for Separation of Church & State v. City & County of Denver, 628 F.2d 1289, 1301 (10th Cir. 1980) ("A federal court must in every case, and at every stage of the proceeding, satisfy itself as to its own jurisdiction, and the court is not bound by the acts or pleadings of the parties.").

The court must look at Plaintiff's Eviction Complaint to determine whether it has jurisdiction.

> Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.  Absent diversity of citizenship, federal-question is required.  The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.  The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

Caterpillar Inc. v. Williams, 482 U.S. 386, 391 (1987) (internal citations omitted).

Nothing in the Eviction Complaint indicates a federal question.  The fact that Defendant has raised a federal statute as a defense to Plaintiff's claim is not sufficient to establish federal-question jurisdiction.  E.g., Oklahoma Tax Comm'n v. Graham, 489 U.S. 838 (1989) (refusing to characterize plaintiff's "state-law claims as arising under federal law" even if a federal-law issue might provide a complete defense to the state-law claims); Becker v. Ute Indian Tribe of the

---

[2] As Plaintiff notes, the parties are residents of the State of Utah and Defendant does not rely on diversity jurisdiction as the basis for removal.

Uintah & Ouray Reservation, 770 F.3d 944, 948 (2014) ("[The removal defendant's] federal issues are merely federal defenses, which do not give rise to federal question jurisdiction").

For the foregoing reasons, the court GRANTS the motion to remand. The Clerk of the Court is directed to return this case to the Utah Third District Court as soon as possible.

SO ORDERED this 23rd day of August, 2018.

BY THE COURT:

TENA CAMPBELL
U.S. District Court Judge